THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIMBERLY BUTLER | ) |
|  | ) JURY TRIAL DEMANDED |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. |
|  | ) |
| DEVILLE ASSET MANAGEMENT, | ) |
| Defendant. | ) |
|  | ) |
|  | ) |
|  | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I.   INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff Simberly Butler, an individual consumer, against Defendant Deville Asset Management for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 15 U.S.C § 1692k(d) and 28 U.S.C 1331. Venue in this District is proper in that the Defendant's principal place of business is located in the State of Texas.

III.   PARTIES

1

3. Plaintiff Simberly Butler, is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Defendant Deville Asset Management is a debt collector as defined in 15 U.S.C. §1692a(6).

5. Upon information and belief, Defendant Deville Asset Management (hereinafter referred to as "Debt Collector") is a Texas corporation with its principal place of business located at 1132 Glade Rd Colleyville, TX 76034.

6. The Debt Collector is engaged in the collection of debt from consumers using the mail and telephone. The Debt Collector regularly attempts to collect consumers' debts alleged to be due to another's.

## IV.   FACTS OF THE COMPLAINT

7. On or about April 17, 2017, Plaintiff received a notification alert from Credit Karma that the Debt Collector had placed a debt on the Plaintiff's credit report.

8. The reported debt allegedly originated from Santander Co. and was in the amount of $20, 993.00.

9. On or about April 17, 2017, Plaintiff placed a telephone call to the Debt Collector and spoke with a representative.

10. During the phone call, the Debt Collector stated that the Plaintiff owed a debt of $20,998.39.

11. On or about August 1, 2017, the Plaintiff sent a dispute letter to Trans Union disputing the accuracy and the completeness of the information reported by the Debt Collector.

12. The letter also requested that the Debt Collector provide account-level documentation regarding the debt that it was reporting.

13. On or about late August 2017, the Plaintiff received re-investigation results from Trans Union and noticed that the Debt Collector verified the information but failed to disclose that Plaintiff disputed the debt.

14. On or about August 1, 2017, the Plaintiff applied for and was denied a mortgage. Plaintiff obtained a copy of her credit report and saw incomplete, inaccurate, false, and/or unverifiable information.

15. On the report, the Plaintiff observed a trade line from Defendant Deville Asset Management in the amount of $20,993.00 with an account number D37188 reported by Deville Asset Management allegedly owned to Santander Co.

16. On or about September 18, 2017, the Plaintiff mailed a second dispute letter to Trans Union and mailed a dispute letter directly to the Debt Collector.

17. On or about November 15, 2017, the Plaintiff received re-investigation results from Trans Union and noticed that the Debt Collector verified the information but failed to disclose that Plaintiff disputed the debt.

18. As of the date of this filing, the Debt Collector has not provided any account-level documentation regarding the alleged debt.

19. The Debt Collector recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

20. The Debt Collector's publishing of such inaccurate and false information has severely damaged the personal and consumer reputation of Plaintiff and caused multiple credit denials, severe humiliation, and emotional distress and mental anguish.

V. CLAIMS FOR RELIEF
(Defendant Deville Asset Management ("Debt Collector"))
15 U.S.C. §1692

COUNT 1

21. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

22. The Debt Collector has violated 15 U.S.C. § 1692e(8) by failing to disclose to Trans Union that the debt was disputed by the Plaintiff.

COUNT 2

23. The Debt Collector has violated 15 U.S.C. § 1692e(2) by verbally telling the Plaintiff the debt was $20,998.39 but placed a debt of $20,993.00 on Plaintiff's credit report.

COUNT 3

24. The Debt Collector has violated 15 U.S.C. § 1692g(a) by not sending the Plaintiff a written notice containing information of the debt as required by 15 U.S.C. § 1692g(a).

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Simberly Butler respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law Office of Jeffrey A. Wilson**
4141 Southwest Freeway Ste. 425
Houston, TX 77027
Phone: (713) 561-3011
Fax: (713) 583-5470
jawilson.esq@gmail.com

By: /s/ Jeffrey A. Wilson*
**JEFFREY A. WILSON**
Fed No: 3062300